1`UNITED STATES DISTRICT COURT<br>
for the<br>
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM E. MIKE<br>    Plaintiff, | : <br> : <br> : | |
| V. | : <br> : | CASE NUMBER:  3:03 CV 539 (DJS) |
| SAFECO INSURANCE COMPANY<br>OF AMERICA,<br>    Defendant. | : <br> : <br> : <br> : | OCTOBER 28, 2003 |

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF <u>INTERROGATORIES AND REQUESTS FOR PRODUCTION</u>**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 7(d), Safeco Insurance Company of America ("Defendant") respectfully files the following Reply Memorandum in support of its Motion to Compel Plaintiff's Responses to Defendant's First Set of Interrogatories and Requests for Production of Documents ("Motion to Compel").

On October 8, 2003, the Court granted Defendant's Motion to Compel and ordered Plaintiff to disclose information and documents regarding his claim for compensatory damages, prior lawsuits in which he has been involved and records regarding his employment prior and subsequent to Defendant.  On October 14, 2003, Plaintiff filed his Motion for Reconsideration and Opposition to Defendant's Motion to Compel ("Opposition Memorandum").  In the event the Court grants Plaintiff's Motion for Reconsideration, Defendant requests that the Court also consider the instant Reply Memorandum.

As set forth below, Plaintiff's Opposition Memorandum fails to address the issues raised in Defendant's Motion to Compel and relies on conclusory, blanket assertions that the

information Defendant seeks is irrelevant to Plaintiff's claims and inadmissible at trial. As set forth in Defendant's Motion to Compel, the information sought by Defendant is relevant to Plaintiff's claims and should be disclosed consistent with Rule 26 of the Federal Rules of Civil Procedure. Accordingly, the Court's Order of October 8, 2003 requiring disclosure of the requested information should stand.

I. ANALYSIS

    A. Defendant Is Entitled To Information And Documents Regarding Plaintiff's Claim For Compensatory Damages

On pages 2 through 5 of his Opposition Memorandum, Plaintiff repeatedly, and in conclusory fashion, contends that information regarding his mental health history is not relevant to his claim for compensatory damages. In making this claim, Plaintiff fails to refute Defendant's reasons supporting the discoverability of the requested information set forth on pages 5 and 6 of Defendant's Motion to Compel. This is the same claim Plaintiff made in his correspondence of August 11, 2003.[1] The Court correctly rejected Plaintiff's claim in its Order of October 8, 2003 and should do so once again.

Plaintiff's attempt on page 4 of his Opposition Memorandum to distinguish between emotional distress claims and "garden variety" emotional distress claims is meaningless.[2] Regardless of the label Plaintiff wishes to attach to his claim, it is undisputed that Plaintiff seeks to recover emotional distress damages in this lawsuit. At trial, he will presumably present evidence on the nature, extent and effect of his alleged emotional distress. Clearly,

---

[1] A copy of Plaintiff's correspondence is attached to the Affidavit of Margaret J. Strange dated August 29, 2003 as Exhibit B.

[2] Plaintiff also refers to his claim as a "simple claim" for emotional distress damages on page 2 and as a "standard claim" for emotional distress damages on page 4.

information regarding medical treatment Plaintiff received for his alleged emotional distress and information regarding contributing factors to his alleged emotional distress is directly related to Plaintiff's claim for compensatory damages. As Plaintiff's mental health history "bears on" his claim for emotional distress damages, Defendant must be permitted to conduct discovery on this issue. Oppenheimer Fund Inc. v. Sanders, 437 U.S. 340, 351 (1987).

In opposing Defendant's Motion to Compel, Plaintiff also confuses admissibility and discoverability. If, as Plaintiff contends on page 5 of his Opposition Memorandum, Plaintiff's medical history consists of a broken arm six years ago and bunion surgery nine years ago, that information likely will not be admissible at trial. That is not, however, the standard applicable to discovery under Rule 26. See Fed. R. Civ. Pro. 26(b)(1) ("Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.").

Moreover, because Plaintiff objected to any inquiry into his medical history and mental health treatment, Defendant has no way to know if Plaintiff's medical history consists of merely a broken arm and bunion surgery. This exchange of information by the parties is precisely the point of discovery. Sturdivant v. Yale-New Haven Hosp., 2 Conn. App. 103, 106 (1984)("The rules of discovery are designed to make a trial less a game of blind man's [bluff] and more a fair contest with the basic issues and facts disclosed to the fullest [practicable] extent.").

Plaintiff's attempt to substitute statements by his attorney for actual discovery regarding his mental health history should also be rejected. Plaintiff essentially asks this Court to assume there is no discoverable evidence in Plaintiff's medical history. Plaintiff cannot rely on a representation of his attorney in a legal brief to preclude Defendant from conducting

discovery into facts affecting Plaintiff's alleged damages which clearly are at issue in this case. See Tesser v. Board of Educ., 154 F. Supp. 2d 388, 395 (E.D.N.Y. 2001)("No discovery rule in the Federal Rules of Civil Procedure requires that a party accept, without seeking corroborating or impeaching evidence, its opponent's version of the facts.").

Plaintiff's reliance on the doctor-patient privilege is also groundless. Plaintiff's claim ignores the very text of the statute on which he relies on page 3 of his Opposition Memorandum. In addition to the quotation provided by Plaintiff, that statute further provides, "Consent of the patient <u>shall not be required</u> for the disclosure or transmission of communications or records of the patient in the following situations . . . . (5) <u>Communications or records may be disclosed in a civil proceeding in which the patient introduces his mental condition as an element of his claim or defense</u>. . . ." C.G.S. § 52-146(f)(5)(emphasis added). See C.G.S. § 52-146c(c)(2)(consent of the patient is not required for disclosure of mental health records "[i]f, in a civil proceeding, a person introduces his psychological condition as an element of his claim or defense . . . .").

Thus, Connecticut law recognizes that the doctor-patient privilege does not apply where, as here, an individual places his medical condition at issue in a civil lawsuit. Plaintiff also ignores that by placing his mental and emotional state at issue, he waived any protections which may have been afforded to his medical records by the doctor-patient privilege. Tesser, 154 F. Supp. 2d at 395 n.4 ("[A] patient waives the psychotherapist-patient privilege by raising his mental condition as an element of his claim or defense."); Kerman v. The City of New York, No. 96 Civ. 7865 (LMM), 1997 U.S. Dist. LEXIS 16841, *9 (S.D.N.Y. 1997)("This Court agrees that by manifestly placing his mental and emotional condition at issue, plaintiff has waived the psychotherapist-patient privilege.")(Ex. A).

Plaintiff's claim that Defendant is engaged in a fishing expedition is also groundless. As set forth in Defendant's Motion to Compel, Plaintiff introduced the issue of his emotional state and mental health history by seeking compensatory damages in this case. Plaintiff will present evidence on these issues at trial and will, no doubt, ask the jury to award him a large sum of money for the emotional distress he allegedly experienced based on the conduct alleged in the Complaint.[3] To charge Defendant with engaging in a fishing expedition for seeking information directly related to Plaintiff's damages and to evidence Plaintiff will present at trial is scurrilous.

Finally, Plaintiff's reference to Defendant's "extraordinarily broad" release form on page 4 of his Opposition Memorandum does not preclude discovery. As with his concerns regarding confidentiality, Plaintiff raised the issue of Defendant's release for the first time in his Opposition Memorandum. Plaintiff's counsel consistently maintained, in both his telephone discussions with the undersigned and in his correspondence of August 11, 2003, that information regarding Plaintiff's medical history was irrelevant to his damages claim and, therefore, not subject to discovery. Plaintiff cannot now claim, only after Defendant filed its Motion to Compel, that while some of the information sought by Defendant is discoverable, he refused to disclose any medical information because Defendant's release was too broad. Plaintiff's claim should also be rejected because the release form provided by Defendant merely allows Defendant to obtain the same information already requested in Interrogatory No. 7 and Request for Production No. 29.

---

[3] In his sworn response to Interrogatory No. 3 of Defendant's First Set of Interrogatories, Plaintiff claimed $100,000 in emotional distress damages. He further averred, "The indicated amount is a conservative estimate of the jury value of damages for emotional distress." As Plaintiff claims approximately $38,000 in economic damages, his "garden variety" emotional distress claim comprises over 70% of his total damages claim.

B.  <u>Defendant Is Entitled To Information Regarding Prior Lawsuits In Which Plaintiff Has Been Involved</u>

On pages 5 through 7 of his Opposition Memorandum, Plaintiff states that information regarding his involvement in prior litigation is irrelevant because it can only be used to portray Plaintiff as litigious. This is the same claim Plaintiff advanced in his correspondence of August 11, 2003. Plaintiff's claim is flawed for a variety of reasons.

First, Plaintiff's claim is false on its face. As set forth on page 7 of Defendant's Motion to Compel, Defendant advanced a variety of reasons why the information Defendant seeks is relevant to Plaintiff's alleged damages and why it may lead to the discovery of admissible evidence. None of these reasons include an effort to portray Plaintiff as litigious and Plaintiff does not refute any of the reasons proffered by Defendant. Indeed, Plaintiff admits as much on page 5 when he concedes that the requested information "might . . . have a bearing on [Plaintiff's] claim for emotional distress damages."

Plaintiff also continues to confuse issues of admissibility and discoverability. Despite conceding that Plaintiff's involvement in prior litigation might impact his alleged damages, Plaintiff claims on page 6 that this information will not be admissible at trial because it can only constitute evidence of prior bad acts of Plaintiff. In addition to being false for the reasons set forth above, this claim misconstrues the appropriate standard applicable to discovery under Rule 26. Plaintiff's misplaced attempt to argue admissibility is confirmed by his reliance on Rule 403 of the Federal Rules of Evidence and his claim that the relevance of the information sought by Defendant is outweighed by its prejudicial nature. Defendant's right to conduct discovery into Plaintiff's litigation history and the admissibility at trial of that information under Rule 403 are two entirely different issues. Moreover, the Court cannot engage in the balancing

6

test required by Rule 403 when Plaintiff has refused to disclose the requested information at issue.[4] Despite his refusal to disclose the information Defendant seeks, Plaintiff suggests, in effect, that the Court and Defendant should trust his conclusion that the information will not be admissible at trial and that it is not, therefore, discoverable. This analysis is fundamentally flawed and incorrect.

      C.    Defendant Is Entitled To Information Regarding Plaintiff's Employment Prior And Subsequent To Defendant

On pages 7 and 8 of his Opposition Memorandum, Plaintiff contends that information regarding his employment prior and subsequent to working for Defendant is outside the scope of discovery. Plaintiff believes that this information will not be admissible at trial because it can only be used to portray Plaintiff as a "bad worker." Plaintiff also claims that because he found employment eight months after his discharge from Defendant, the information sought by Defendant cannot be used as after-acquired evidence of misconduct by Plaintiff.

In his Complaint, Plaintiff seeks to recover, among other things, back pay, front pay and reinstatement. As set forth on pages 8 and 9 of Defendant's Motion to Compel, evidence that Plaintiff misrepresented information to Defendant regarding his prior employment may preclude his right to front pay and reinstatement. It may also be admissible at trial to impeach Plaintiff or to otherwise challenge his credibility. Contrary to Plaintiff's claims, the information sought by Defendant may also constitute after-acquired evidence of misconduct by Plaintiff even though he found employment eight months after his discharge from Defendant. This is one of the reasons Defendant seeks additional discovery regarding Plaintiff's employment

---

[4] Similarly, Plaintiff's reliance on <u>Jenkins v. Kos</u>, 78 Conn. App. 840 (2003) for the proposition that the Court must weigh the relevance of his prior litigation history against its prejudicial effect weights in favor of the discoverability of the requested information. As with Plaintiff's Rule 403 claim, the Court obviously cannot weigh the relevance of Plaintiff's prior litigation history when Plaintiff has refused to disclose any such information in discovery.

history.  Thus, the information Defendant seeks about Plaintiff's prior employment is discoverable for a variety of reasons, including after-acquired evidence of misconduct.

Information regarding Plaintiff's employment subsequent to Defendant is also discoverable as it is relevant to his claim for eight months of back wages and to issues regarding his mitigation of damages.  Plaintiff provides no rationale or analysis to the contrary.

As with Plaintiff's other objections, Plaintiff's claim that information about his employment history is not discoverable is based on his analysis of the potential admissibility of the information at trial.  This is not the standard for discovery and, in any event, a determination of the admissibility of certain information cannot be made until the parties and the Court know what the information is.  By refusing to disclose the requested information on grounds that it is not admissible, Plaintiff is, in essence, usurping the role of the Court by making admissibility determinations about evidence without ever having disclosed the evidence.

## II.   CONCLUSION

For the foregoing reasons, if the Court grants Plaintiff's Motion for Reconsideration, it should affirm its Order of October 8, 2003.

```
                                    THE DEFENDANT,
                                    SAFECO INSURANCE COMPANY
                                    OF AMERICA


                         BY:        _____
                                    Margaret J. Strange (ct08212)
                                    James F. Shea (ct16750)
                                    JACKSON LEWIS LLP
                                    55 Farmington Avenue
                                    Hartford, CT 06105
                                    Ph. (860) 522-0404
                                    Fax (860) 247-1330
```

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was sent by first-class mail, postage prepaid, on this 28th day of October 2003, to the following counsel of record:

>Anthony J. Pantuso III, Esq.
>Hayber & Pantuso, LLC
>221 Main Street, Suite 400
>Hartford, CT 06106
>Ph. (860) 522-8888
>
>Attorney for Plaintiff

_____
Margaret J. Strange

H:\Client Folder\S\Safeco\MIKE2\Disc\Motion Compel Reply Memo.doc
65692