**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **WILLIAM E. MIKE** : | | |
|       **Plaintiff** : | **CIVIL ACTION NO.:** | |
| : | | |
| : | **3 : 03 CV 539 (DJS)** | |
|    - against - : | | |
| : | | |
| **SAFECO INSURANCE COMPANY OF** : | | |
| **AMERICA** : | | |
|       **Defendant** : | **APRIL 1, 2004** | |
| : | | |

**MOTION TO COMPEL**

Plaintiff, William E. Mike, through his undersigned counsel, hereby moves for an order from this court, pursuant to Rule 37 of the Federal Rules of Civil Procedure, compelling Defendant to comply with the interrogatories and requests for production served upon it on February 18, 2004. The undersigned hereby certifies that he has made a diligent good faith effort at securing said disclosure without court action, but has been unable to resolve all outstanding issues.

Specifically, in the responses that Defendant served on Plaintiff on March 22, 2004, Defendant only answered Interrogatory 1, which asked for the names of the persons who prepared the discovery responses, and refused to answer any of the other interrogatories, interposing objections to the remainder. Defendant also objected to fourteen of the twenty Requests for Production, and provided partial compliance, over objection, to three others. Copies of the discovery requests in issue, and Defendant's responses, are attached to the accompanying Memorandum of Law as Exhibits A and B.

**ORAL ARGUMENT REQUESTED**
**TESTIMONY NOT REQUIRED**

For the reasons set forth in the attached Memorandum of Law, this court should enter an order compelling compliance with the indicated discovery requests. These requests are within the scope of discovery as they all are directed towards obtaining information and documentation regarding Plaintiff's job performance as compared to that of his peers. This information directly addresses Defendant's contention that Plaintiff was terminated because of poor job performance, and Plaintiff's contention that this reason is a pretext, and that the true reason for his termination was retaliation against Plaintiff for having contacted the Connecticut Department of Labor to complain of the proposed adoption by Defendant of an illegal policy regarding payment for "drive time."

Plaintiff, William E. Mike

By:_____
Anthony J. Pantuso, III
Fed. Bar No. ct11638
Hayber & Pantuso, LLC
221 Main Street, Suite 400
Hartford, CT 06106
(860) 522-8888
(860) 240-7945 (facsimile)
Attorneys for the Plaintiff

## **CERTIFICATION OF SERVICE**

      This is to certify that a copy of the foregoing was hand delivered on this date to the following counsel of record:

Margaret J. Strange  
James Shea  
Jackson Lewis LLP  
55 Farmington Avenue  
Suite 1200  
Hartford, CT 06105

 

_____  
Anthony J. Pantuso, III

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM E. MIKE | : | |
|           Plaintiff | : | CIVIL ACTION NO.: |
| | : | |
| | : | 3 : 03 CV 539 (DJS) |
| - against - | : | |
| | : | |
| SAFECO INSURANCE COMPANY OF AMERICA | : | |
| | : | |
|           Defendant | : | MARCH 29, 2004 |
| | : | |

## AFFIRMATION OF ANTHONY J. PANTUSO, III

I, ANTHONY J. PANTUSO, III, being duly sworn, hereby depose and say:

I. I am above the age of eighteen and believe in the obligation of an oath.

II. I make this affirmation of my own personal knowledge.

III. I am counsel for Plaintiff in this matter.

IV. On February 18, 2004, I served on Margaret J. Strange, counsel for Defendant, Plaintiff's Interrogatories and Requests for Production.

V. On March 22, 2004 I received Defendant's Responses and Objections to these discovery requests.

VI. On March 23, 2004, I faxed a detailed letter to Attorney Strange in an effort to resolve Defendant's objections. A copy of this letter is attached to this affirmation.

VII. On March 25, 2004, I briefly spoke with Attorney James Shea, Co-Counsel for Defendant, regarding Defendant's objections.

VIII. On March 29, 2004, I spoke in detail with Attorney Shea in an effort to resolve these objections.

IX. While Attorney Shea and I were able to resolve some of the disputes, we have been unable to reach an agreement regarding the remainder of Defendant's objections, despite these good-faith efforts.

                                                                                                                                     Anthony J. Pantuso, III

**STATE OF CONNECTICUT**      )
                                    )    **ss:**    **HARTFORD**
**COUNTY OF HARTFORD**    )

      Personally appeared before me ANTHONY J. PANTUSO, III, on March 29, 2004, who swore that the foregoing was true and accurate to the best of his knowledge and belief.

_____
Richard E. Hayber
Commissioner of the Superior Court

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| WILLIAM E. MIKE | : | |
|                 Plaintiff | : | CIVIL ACTION NO.: |
| | : | |
| | : | 3 : 03 CV 539 (DJS) |
|     - against - | : | |
| | : | |
| SAFECO INSURANCE COMPANY OF AMERICA | : | |
| | : | |
|                 Defendant | : | APRIL 1, 2004 |
| | : | |

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL**

**I.   FACTS**

Plaintiff has alleged the following facts in his Complaint. In April 2000 Plaintiff was hired by Defendant as a "Claims Field Representative" or "Physical Damage (PD) Rep."[1] As part of his duties, Plaintiff would obtain his assignments via computer at his home office between 7:00 a.m and 7:30 a.m, and then would travel throughout the northeastern portion of Connecticut to view and appraise damaged automobiles.

Before June, 2002, Defendant compensated Plaintiff and other Physical Damage (PD) Reps for the time spent driving from their home offices to the location of their first appraisal. On or about July 15, 2002, Defendant proposed a new policy that Physical Damage (PD) Reps were not "on the clock" until after they arrived at their first appraisal of the day, so that they would not be paid for the time spent driving from their home offices to the location of their first appraisal.

---

[1] Plaintiff's position has been identified by various titles in Safeco documents and in the deposition testimony of Safeco employees, including Plaintiff's former supervisor. These titles include "Claims Field Representative," "Field Representative," "Physical Damage (PD) Rep," "PD Rep," "Auto Claims Adjuster" and "Appraiser." For ease of reference, the position shall be referred to in this Memorandum as "Physical Damage (PD) Rep," the term used in the discovery requests at issue, rather than as "Claims Field Representative," the term used in the Complaint

On or about July 17, 2002, Plaintiff contacted the Connecticut Department of Labor to inquire about the new policy. During this telephone conversation, Plaintiff learned that Defendant's new policy was a violation of Connecticut's wage and hour laws. On July 31, 2002, Defendant distributed an e-mail which confirmed the new policy. Subsequently, on August 2, 2002 Plaintiff had a meeting with Francis Scalley, his immediate supervisor, and Caryn Kiernan, Human Resource Manager, regarding this policy. At this meeting Plaintiff informed Scalley and Kiernan that he had contacted the Department of Labor, and that the Department of Labor had confirmed that the new policy was illegal. Also during this meeting, Scalley informed Plaintiff that he was the only Physical Damage (PD) Rep who was complaining about the new policy.

Shortly after this meeting, on August 5, 2002, Defendant rescinded the new policy. From that point on, Defendant began harassing and retaliating against Plaintiff for complaining about the new policy to the Connecticut Department of Labor. Prior to contacting the Connecticut Department of Labor, Plaintiff had received "good" or "very good" performance ratings. Subsequently, Defendant began to question Plaintiff's job performance, holding him to unreasonable and unrealistic performance standards, which were not imposed upon other Physical Damage (PD) Reps. The harassment and retaliation included refusing to authorize any overtime, even though Plaintiff was covering a territory twice as large as that covered by anyone else, and placing him on two separate "Performance Action Plans." Ultimately, on December 2, 2002, Defendant terminated the Plaintiff's employment, in retaliation for Plaintiff's complaint to the Connecticut Department of Labor.

On February 18, 2004, Plaintiff served Interrogatories and Requests for Production on Defendant. Defendants responses, copies of which are attached as Exhibits A and B, were

received on March 22, 2004.  Besides a series of blanket objections to all discovery requests, Defendant objected to and refused to answer all but one of the Interrogatories (which asked for the identity of those involved in preparing the discovery responses).  Defendant also objected to fourteen of the twenty production requests, and provided partial compliance, over objection, to three others.

**II.     ARGUMENT**

Discovery under the federal rules may be had as to those matters which are "relevant to the subject matter involved in the pending action." F.R.C.P. 26(b)(1).   "The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*  The party serving interrogatories may move for an order under Rule 37(a) regarding any objection to or failure to answer the interrogatories. F.R.C.P. 33(b)(5).

Defendant's objections to these Interrogatories and Requests for Production are not valid objections, in that the discovery requests seek information relevant to the contentions of both parties, and are not so broad or vague as to prevent the Defendant from answering them. Defendant's objections shall be addressed individually.

*A.     Blanket Objections to all Interrogatories and Requests for Production*

1.     Attorney-Client Privilege and Attorney Work Product

The first of Defendant's blanket objections is based on the attorney-client privilege and attorney work product doctrines.  Defendant has agreed to produce a privilege log as required by Local Rule 37(a)(1).  Thus, there currently is no dispute between the parties regarding the attorney-client privilege or the attorney work product doctrine.

2. Privacy Interests of Other Employees

The second blanket objection is that the requested discovery violates the privacy interests of other employees, under both the common law and the Connecticut Personnel Files Act, Conn. Gen. Stat. Section 31-128a *et seq.* Because this objection also is raised in each individual objection, it shall be addressed with respect to the individual discovery requests.

3. Broadening the Scope of Discovery

The next blanket objection is that the instructions and definitions somehow "broaden the scope of discovery permitted by the federal Rules of Civil Procedure and Local Rule 26." Defendant fails to specify, however, the specific manner in which this occurs or the specific language to which it objects. Without such specification, Plaintiff cannot truly respond to this objection, other than to note that both Rule 26(b)(1) of the Federal Rules of Civil Procedure and Local Rule 26 permit discovery "regarding *any* matter, not privileged, that is relevant to the claim or defense of any party. . . ." (emphasis added).

4. Inaccurate Definition of "Physical Damage (PD) Rep"

Defendant next objects to Plaintiff's definition of the term "Physical Damage (PD) Rep." Just because Defendant disagrees with the way that Plaintiff has defined a term, however, is not a proper basis for refusing to comply with discovery. Plaintiff has provided a definition of the term that is very simple and straightforward – "the position held by Plaintiff while employed by Defendant, and any and all other positions in the State of Connecticut that included among their duties the inspection and appraisal of damaged automobiles." Second, as Defendant is well aware, the phrase "Physical Damage (PD) Rep" came from documents that Safeco provided in discovery in the overtime case. It is beyond disingenuous for Defendant to continue to assert that

there is no such position, when Defendant's own documents use the phrase and provide a description of the position. Therefore, Defendant's objection on this basis should be overruled.

        5.        Attempt to Circumvent Closure of Discovery in Overtime Case

Defendant's next blanket objection contends that Plaintiff is attempting to circumvent the closure of discovery concerning his class-based claims in *Mike, et al. v. Safeco Ins. Co. of America*, Docket No. 3:02 CV 2239 (DJS) (the "overtime case"). This objection is without merit. The interrogatories and requests for production seek information directly related to Plaintiff's job performance as compared to that of other Physical Damage (PD) Reps in Connecticut. This issue goes directly to Defendant's contention that Plaintiff was terminated for performance reasons, rather than in retaliation for having contacted the Department of Labor. If the objective measures of job performance show that Plaintiff equaled or exceeded the performance of his peers, the finder of fact may conclude that Defendant's asserted reason for terminating Plaintiff is a pretext. Thus, these discovery requests clearly are relevant to the issues in this case.

        6.        Remaining Blanket Objections

The remaining blanket objections are mere boiler-plate, lacking in any specificity. The only exception is Defendant's assertion that the requested discovery is overbroad because it seeks information regarding employees outside the office and region in which Plaintiff worked. This objection is not well-founded. As noted above, by definition Plaintiff only seeks information regarding other employees in Connecticut. Based upon information provided by Defendant in the overtime case, there was only one "office and region" in Connecticut during Plaintiff's tenure. Thus, this objection lacks any factual basis, and is merely an effort at obstruction.

B. *Interrogatories*

    1.    Interrogatory No. 2

Defendant has agreed to comply with this Interrogatory.

    2.    Interrogatory #3

Interrogatory No. 3 seeks the following information:

> For each such person identified in response to Interrogatory 2, please provide the following information:
>
> (a) Identify each and every territory in which each such person worked, specifying the municipalities for which each such person was responsible and the date(s) each such person was responsible for such territory or territories;
>
> (b) Specify the number of automobile appraisals performed by each such person for each and every month between April, 2000 and December, 2002;
>
> (c) Specify the number of minutes used by each such person on their company cellular telephones for each and every month between April, 2000 and December, 2002;
>
> (d) Specify the number of miles submitted by each such person for purposes of mileage reimbursement for each and every month between April, 2000 and December, 2002;
>
> (e) Specify the average physical damage severity of all automobile claims handled by each such person for each and every month between April, 2000 and December, 2002;
>
> (f) Specify the "Repair vs. Replace Percentage," i.e., the percentage of automobile parts repaired as compared to the percentage of automobile parts replaced, as referenced in documents 0217 through 0224,[2] previously produced by Plaintiff in the case of ***MIKE, ET AL v. SAFECO INS. CO.***

---

[2]There is a typographical error in subsections f, g, h and i. The document numbers, listed as 0217 through 0224, 0226 through 0235, 0236 through 0238 and 0239, should be 02017 through 02024, 02026 through 02035, 02036 through 02038 and 02039, respectively.

        *OF AMERICA*, Docket No. 3:02 CV 2239 (DJS), for each such person for each and every month between April, 2000 and December, 2002;

(g)   Specify the "Part Usage," i.e., the percentage of Original Equipment Manufacturer ("OEM") parts, Aftermarket parts, Recycled parts and Reconditioned or Other parts, as referenced in documents 0226 through 0235, previously produced by Plaintiff in the case of *MIKE, ET AL v. SAFECO INS. CO. OF AMERICA*, Docket No. 3:02 CV 2239 (DJS), for each such person for each and every month between April, 2000 and December, 2002;

(h)   Specify the "Average Labor Rates," i.e., the average amount paid for labor charges for Frame, Mechanical, Sheet Metal, Refinish Labor and Refinish Material, "Part Usage," i.e., the percentage of Original Equipment Manufacturer ("OEM") parts, Aftermarket parts, Recycled parts and Reconditioned or Other parts, as referenced in documents 0236 through 0238, previously produced by Plaintiff in the case of *MIKE, ET AL v. SAFECO INS. CO. OF AMERICA*, Docket No. 3:02 CV 2239 (DJS), for each such person for each and every month between April, 2000 and December, 2002;

(i)   Specify the "Customer Service Turnaround," i.e., the percentage of claims handled within three days, as referenced in document 0239, previously produced by Plaintiff in the case of *MIKE, ET AL v. SAFECO INS. CO. OF AMERICA*, Docket No. 3:02 CV 2239 (DJS), for each such person for each and every month between April, 2000 and December, 2002; and

(j)   Specify the number of hours of overtime worked by each such person for each week between July 16, 2001 and December 2, 2002.

Defendant has objected on the grounds that it is irrelevant, immaterial, not calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome, as well as reiterating the blanket objections regarding the definition of the term "Physical Damage, (PD) Rep," the closure of discovery in the overtime case, and violation of other employees' privacy interests under the Personnel Files Act, Conn. Gen. Stat. § 31-128a *et seq.*, and the common law. Defendants' objections are not well-taken.

7

First, information comparing Plaintiff's job performance to that of other Physical Damage (PD) Reps is both relevant and material to this case. Defendant has raised the issue of job performance as a justification for Plaintiff's termination. Plaintiff is entitled to explore how his job performance compared to that of his peers.

This interrogatory seeks the "hard data" regarding his job performance – the size of his territory as compared to his peers, the number of appraisals performed per month by each Physical Damage (PD) Rep, the amount of time spent on the business cell phone each month, the miles driven per month, the average severity of each Physical Damage (PD) Rep's claims, the "Repair vs. Replace Percentage," the "Part Usage" rate, the "Average Labor Rates," the "Customer Service Turnaround," and the number of hours a week each Physical Damage (PD) Rep spent in performing his duties. To claim that this information is not relevant, when Defendant has raised the issue of job performance, is disingenuous. Nothing could be more relevant to comparing Plaintiff's job performance with that of his peers than the objective data collected and maintained by Defendant.

Further, none of this information is of the type that would be contained in a personnel file, but rather is information that would be kept on a unit-wide basis and, indeed, was made available to all Physical Damage (PD) Reps. Thus, the "privacy" concerns raised by Defendant do not actually apply. As for the objections based on the definition of "Physical Damage (PD) Rep" and the supposed attempt to circumvent the discovery deadlines in the overtime case, see arguments above. Therefore, Defendant's objection should be overruled.

    3.    Interrogatory #4

Interrogatory # 4 states as follows:

8

> Identify each and every "Physical Damage (PD) Rep," as defined above, who was placed on an "Action Plan," as defined above, between April 1, 2000 and December 2, 2002, specifying the following:
>
> (a) The reason(s) each such person was placed on an "Action Plan;"
>
> (b) The date(s) on which each such person was placed on an "Action Plan;"
>
> (c) The specific goals or expectations for improvement listed on each such "Action Plan;" and
>
> (d) Whether or not each such person was disciplined as a result of failing to meet any of the goals or expectations of an "Action Plan" and, if so, the specific nature of any such discipline and the date(s) on which such discipline was imposed.

Again, Defendant has raised the same objections to this interrogatory as to the prior two, and Plaintiff's arguments remain the same. In addition, this information clearly is relevant. In Paragraphs 17 and 18 of the Complaint, Plaintiff has alleged that he was placed on the "Action Plans" in retaliation for having contacted the Department of Labor. Thus, Plaintiff is entitled to discover the circumstances under which any of his peers were placed on "Action Plans, " and whether or not he was treated differently.

Because Plaintiff understands possible concerns over disclosing personally identifying information regarding employee discipline, the undersigned previously stated his willingness to permit the redaction of personally identifying information from Defendant's response. *See* Affirmation of Anthony J. Pantuso, III and attached letter. This redaction should ameliorate any privacy concerns. Thus, Defendant's objection should be overruled.

    C. *Requests for Production*

        1. Requests for Production #1 through #10

Requests for Production 1 through 10 request the following:

9

(1) Any and all documents that in any way identify the territory or territories in which each and every "Physical Damage (PD) Rep" worked, as referenced in response to Interrogatory #3a above.

(2) Any and all documents that in any way identify or relate to the number of automobile appraisals performed per month by each and every "Physical Damage (PD) Rep" worked, as referenced in response to Interrogatory #3b above.

(3) Any and all documents that in any way identify or relate to the number of cellular telephone minutes used per month by each and every "Physical Damage (PD) Rep" worked, as referenced in response to Interrogatory #3c above.

(4) Any and all documents that in any way identify the number of miles submitted for reimbursement per month by each and every "Physical Damage (PD) Rep" worked, as referenced in response to Interrogatory #3d above.

(5) Any and all documents that in any way identify or relate to the average physical damage severity per month for each and every "Physical Damage (PD) Rep" worked, as referenced in response to Interrogatory #3e above.

(6) Any and all documents that in any way identify or relate to the "Repair vs. Replace Percentage" per month for each and every "Physical Damage (PD) Rep" worked, as referenced in response to Interrogatory #3f above.

(7) Any and all documents that in any way identify or relate to the "Part Usage" per month for each and every "Physical Damage (PD) Rep" worked, as referenced in response to Interrogatory #3g above.

(8) Any and all documents that in any way identify or relate to the "Average Labor Rates" per month for each and every "Physical Damage (PD) Rep" worked, as referenced in response to Interrogatory #3h above.

(9) Any and all documents that in any way identify or relate to the "Customer Service Turnaround" per month for each and every "Physical Damage (PD) Rep" worked, as referenced in response to Interrogatory #3i above.

(10) Any and all documents that in any way identify or relate to the number of hours of overtime worked per week by each and every "Physical Damage (PD) Rep" worked, as referenced in response to Interrogatory #3j above,

> including but not limited to any and all "T/A - Monthly Manager Recap" forms such as that marked as Plaintiff's Exhibit 10 at the deposition of David J. Kabara, taken in the case of ***MIKE, ET AL v. SAFECO INS. CO. OF AMERICA***, Docket No. 3:02 CV 2239 (DJS), on June 19, 2003 and any similar forms.

Defendant has raised the same objections to these requests for production as it raised to Interrogatories 2 and 3. Thus, Plaintiff adopts his arguments regarding Interrogatories 2 and 3. For those reasons, Defendant's objections to these Requests for Production should be overruled.

### 2. Request for Production #11

Request for Production #11 seeks the following documents:

> Copies of any and all "Action Plans" referred to in response to Interrogatory #4 above.

As Defendant has raised the same objections to this Request for Production as it raised to Interrogatory 4, Plaintiff asserts the same arguments. Again, Plaintiff earlier agreed to the redaction of personally identifying information from Defendant's production. *See* Affirmation of Anthony J. Pantuso, III and accompanying letter. Thus, Defendant's objection should be overruled.

### 3. Request for Production #13

Request for Production #13 seeks the following:

> Any and all documents that in any way relate to Defendant's Special Defenses.

Defendant has objected to this Request for Production, asserting the attorney-client privilege and the attorney work product doctrine. Defendant has failed to provide a privilege log as required by Local Rule 37(a)(1). Thus, either Defendant should be ordered to provide a privilege log, or its objection should be overruled.

11

    4.    Request for Production #14

Plaintiff is not pursuing this Request for Production at this time.

    5.    Requests for Production #15 and 16

Requests for Production 15 and 16 seek the following:

> (15) Any and all documents, including but not limited to correspondence, notes, memoranda and e-mails, that in any way relate to Plaintiff's job performance prior to August 2, 2002.
>
> (16) Any and all documents, including but not limited to correspondence, notes, memoranda and e-mails, that in any way relate to Plaintiff's job performance after August 2, 2002.

While Defendant has not objected and has responded in part to these requests, it appears that the response is not complete. Defendant has not provided any documents relating to the "hard data" that would allow an objective review of Plaintiff's job performance – for example, documents relating to the size of his territory as compared to his peers, the number of appraisals performed per month by each, the amount of time spent on the business cell phone each month, the miles driven per month, the average severity of each Physical Damage (PD) Rep's claims, the "Repair vs. Replace Percentage," the "Part Usage" rate, the "Average Labor Rates," the "Customer Service Turnaround," and the number of hours a week each Physical Damage (PD) Rep spent in performing his duties. Such documents exist, as Plaintiff has partial information for 2001.[3] Thus, Defendant should be ordered to supplement its response by providing the additional documentation.

    6.    Requests for Production #17 and #18

Plaintiff is not pursuing Requests for Production 17 and 18 at this time.

---

[3]For example, the documents referred to in Interrogatories 3(f) through 3(i).

      7.      Requests for Production #19 and #20

The parties have resolved the dispute regarding Requests for Production 19 and 20.

**III.   CONCLUSION**

Plaintiff has alleged that he was retaliated against for having contacted the Connecticut Department of Labor regarding a change to its pay policy that Defendant wanted to implement. Plaintiff has further alleged that this retaliation took the form of questioning his job performance, holding him to unrealistic performance expectations that were not applied to his peers, placing him on two "Action Plans" for the supposed deficiencies in his performance, and ultimately terminating him for supposed performance deficiencies. The Interrogatories and Requests for Production all seek information closely related to these allegations. For the reasons set forth above, Defendant's remaining objections should be over-ruled, and the Defendant should be ordered to answer the remaining Interrogatories and Requests for Production.

                                                    PLAINTIFF

                                                  By:_____
                                                  Anthony J. Pantuso, III
                                                  Hayber & Pantuso, LLC
                                                  Fed. Bar No: ct11638
                                                  221 Main Street, Suite 400
                                                  Hartford, CT 06106
                                                  (860) 522-8888
                                                  Attorney for Plaintiff

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was hand-delivered on this date to the following counsel of record:

Margaret Strange
James Shea
Jackson Lewis LLP
55 Farmington Avenue
Suite 1200
Hartford, CT 06105

_____
Anthony J. Pantuso, III